| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice  *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **24-CI-00189**<br>Court: **CIRCUIT**<br>County: **SHELBY** |

*Plantiff,* **BRITTON, JONATHAN VS. HALSTED FINANCIAL SERVICES, LLC**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

Memo: Related party is HALSTED FINANCIAL SERVICES, LLC

The Commonwealth of Kentucky to Defendant:
**HALSTED FINANCIAL SERVICES, LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Wendy Graney*
Shelby Circuit Clerk
Date: **3/26/2024**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____       _____
                                                                               Served By

                                                                                                      _____
                                                                                                      Title

Summons ID: 761285251303276@90005612975
CIRCUIT: 24-CI-00189 Certified Mail
BRITTON, JONATHAN VS. HALSTED FINANCIAL SERVICES, LLC

**EXHIBIT A**




Page 1 of 1

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CASE NO. _____
DIVISION _____
JUDGE_____

**JONATHAN BRITTON**  PLAINTIFF

v.

**HALSTED FINANCIAL SERVICES, LLC**  DEFENDANT

<u>**SERVE:**</u>
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

## COMPLAINT

The Plaintiff, Jonathan Britton, by counsel, for his Complaint against Defendant, Halsted Financial Services, LLC, states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "***FDCPA***"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith. Plaintiff also asserts claims under the federal Telephone Communications Protection Act, 42 U.S.C. § 227 ("***TCPA***"), the Kentucky Consumer



Protection Act, KRS 367 *et seq.* ("***CPA***"), and for intentional or negligent infliction of emotional distress and invasion of privacy.

## JURISDICTION AND VENUE

1. Plaintiff, Jonathan Britton, is a resident of Shelby County, Kentucky.

2. Plaintiff is a "***consumer***" as that term is defined in the CPA and the FDCPA with respect to the matters referred to herein.

3. Halsted Financial Services, LLC is an Illinois limited liability company with principal offices located at 8001 N. Lincoln Avenue, Suite 500, Skokie, Illinois 60077.

4. At all pertinent times herein, in this judicial district, Defendant regularly used modes of interstate commerce and/or the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

5. Defendant is a "***debt collector***" as said term is defined in the FDCPA and with respect to the matters cited herein.

6. This Court has jurisdiction pursuant to Ky. Const. § 112(5) and KRS 23A.010(1).

7. Venue is proper in this Court because the Defendant transacts business in this county, Plaintiff is a resident of this county, and the conduct complained of occurred here.

8. Plaintiff, Johnathan Britton, seeks damages in excess of the minimum damages available in this Court.

## FACTS

9. On February 15, 2024, Defendant sent a correspondence to Plaintiff via email wherein Defendant sought to collect a debt on behalf of LVNV Funding, LLC, in the amount of $1,442.48.

10. The February 12, 2024 correspondence was the initial communication with Plaintiff in connection with the collection of the debt.

11. The initial communication did not include: (a) the amount of the debt; (b) the name of the creditor to whom the debt is owed; (c) a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; (d) a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and (e) a statement that, upon the Plaintiff's written request within the thirty-day period, Defendant will provide the consumer with the name and address of the original creditor, if different from the current creditor.

12. Within five (5) days after the initial communication, Defendant did not send Plaintiff a written notice that included: (a) the amount of the debt; (b) the name of the creditor to whom the debt is owed; (c) a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; (d) a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant

3

will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and (e) a statement that, upon the Plaintiff's written request within the thirty-day period, Defendant will provide the consumer with the name and address of the original creditor, if different from the current creditor.

13. On or about February 15, 2024, and repeatedly thereafter, Defendant sent correspondence to Plaintiff via email seeking to collect the debt.

14. On or about February 13, 2024, and thereafter on February 20, 2024, February 27, 2024 and March 9, 2024, Defendant contacted Plaintiff via telephone.

15. On or about February 22, 2024, Defendant sent an unsolicited text message to Plaintiff's cellular phone seeking to collect the debt.

16. On or about February 28, 2024, and thereafter on February 29, 2024, Defendant sent an unsolicited text message to the cellular phone of Plaintiff's son seeking to collect the debt.

17. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

## COUNT I
## VIOLATION OF THE FDCPA

18. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt. To wit, Defendant

caused Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff, communicated with Plaintiff's son regarding the debt, and sent Plaintiff multiple emails seeking to collect the debt intending to harass the Plaintiff, in violation of 15 U.S.C. § 1692d.

19. Defendant's representations to Plaintiff were materially false, deceptive, or misleading, in violation of 15 U.S.C. § 1692e.

20. Defendant used unfair or unconscionable means to collect or attempt to collect the debt from Plaintiff, in violation of 15 U.S.C. § 1692f, by, *inter alia,* seeking to collect amounts that were not authorized by agreement or permitted by law. 15 U.S.C. § 1692f(1).

21. In connection with the collection of the debt, Defendant communicated with Plaintiff's son, in violation of 15 U.S.C. § 1692c(b).

22. Within five (5) days after its initial communication in connection with the collection of the debt, Defendant failed to send the Plaintiff a written notice of debt that included the information required by 15 U.S.C. § 1692g(a).

23. Defendant continued to collect the debt without affording Plaintiff a thirty-day period in which to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

24. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

25. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

26. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT II
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. Defendant's conduct as herein alleged was intentional, reckless, or negligent.

28. Defendant's conduct was so outrageous and intolerable so as to offend generally accepted standards of morality and decency.

29. Defendant's conduct, as herein alleged, was a cause of Plaintiff's emotional distress.

30. Plaintiff's emotional distress was severe.

31. At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

32. Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## COUNT III
## VIOLATION OF KRS 367.170

33. Defendant violated the provisions of Kentucky's Consumer Protection Act by its use of unfair, false, misleading and/or deceptive acts or practices in the conduct of its trade or

commerce.

34. By way of example, Defendant's unfair, false, misleading, or deceptive acts include, but are not limited to: (a) placing unwanted phone calls to Plaintiff's cell phone; (b) "spoofing" its phone number when placing unwanted phone calls to Plaintiff's cell phone; (c) communicating with Plaintiff's son regarding the alleged debt; (d) violating Plaintiff's rights under the FDCPA, including his right to receive information about the debt and dispute the validity of the debt; and by (e) spamming Plaintiff's emails with dunning letters.

35. As herein alleged, Defendant acted toward Plaintiff with oppression, fraud, and/or malice, warranting the imposition of punitive damages against Defendant.

36. Under KRS 367.220, Plaintiff is entitled to an award of actual damages against Defendant, plus attorney's fees and costs.

37. Under KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## COUNT IV
## VIOLATION OF 47 U.S.C. SECTION 227

38. On or about February 13, 2024, February 17, 2024, February 20, 2024, and March 9, 2024, Defendant made calls to Plaintiff's cell phone using an automatic telephone dialing system, without the prior express consent of Plaintiff, in violation of 47 U.S.C. Sec. 227 (b)(1)(A)(iii).

39. On February 22, 2024, Defendant sent a text message to Plaintiff's cell phone using an automatic telephone dialing system, without the prior express consent of Plaintiff, in violation of 47 U.S.C. Sec. 227 (b)(1)(A)(iii). The text message is a "call" for purposes of 47

U.S.C. Sec. 227 (b).

40. In the March 9, 2024 call, Defendant left a voice message that appeared to contain an artificial or pre-recorded voice.

41. On its website, Defendants boasts of using the latest automation technology. (https://halstedfinancial.com/about, Accessed on March 21, 2024).

42. The Defendant has a history of violating 47 U.S.C. Sec. 227 (b) by placing unwanted debt collection calls to consumers using an automatic dialing system. For instance, in *Hering v. Halsted Financial Services, LLC*, 8:17-cv-1439-T-33MAP (M.D. Florida 2017), a federal court determined that the Defendant willfully violated 47 U.S.C. Sec. 227 (b) by placing nine unwanted calls to the plaintiff's cell phone using an automatic telephone dialing system.

43. The phone calls placed to Plaintiff's cell phone were not for emergency purposes.

44. Under 47 U.S.C. Sec. 227 (b)(3)(c), Plaintiff is entitled to an injunction against Defendant, actual damages, including emotional distress, statutory damages of $500 for each past phone call, and an additional $1,000 in treble damages for each phone call in light of Defendant's willful or knowing violations of 47 U.S.C. Sec. 227 (b) or the regulations proscribed thereunder.

## COUNT V
## INVASION OF PRIVACY

45. On or about February 28 and February 29 of 2024, Defendant unreasonably intruded upon the privacy and seclusion of Plaintiff. To wit, Defendant communicated private information about Plaintiff to Plaintiff's son via text message.

46. As a result of said intrusion, Plaintiff was damaged.

47. At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

48. Pursuant to KRS 411.184(2) and the common law, Plaintiff is entitled to an award of punitive damages against the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jonathan Britton, by counsel, demands relief against the Defendant, Halsted Financial Services, LLC, as follows:

A. Entry of a Judgment against Defendant to compensate Plaintiff for his actual damages sustained as set forth in above Counts.

B. Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C. Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E. Trial by jury on all issues so triable.

F. Entry of an order temporarily and permanently enjoining Defendant from future, similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the subject debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

G. An award of attorneys' fees and costs herein incurred.

H. Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

9

Respectfully submitted,

WINTON & HIESTAND

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR (KBA 92702)
905 Baxter Avenue
Louisville, Kentucky 40204
Phone | Fax: (502) 822-2500
zlt@LouisvilleLawOffice.com

*Counsel for Plaintiff*

Wendy Graney, Shelby Circuit Clerk
401 Main Street
Shelbyville, KY 40065-1133

**USPS CERTIFIED MAIL**



9236 0901 9403 8354 6159 41

Case Number: 24-CI-00189

Restricted Delivery

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601
Case Number: 24-CI-00189



### KCOJ eFiling Cover Sheet

Case Number: 24-CI-00189

Envelope Number: 7612852

Package Retrieval Number: 761285251303276@90005612975

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 16.42

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. Melanie Brummer (653437)

Package : 000001 of 000014

