UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY (FRANKFORT)

JONATHAN BRITTON

        Plaintiff,

                                              Case No. 3:24-cv-00035-GFVT

v.

HALSTED FINANCIAL SERVICES, LLC,

        Defendant.

_____/

## DEFENDANT, HALSTED FINANCIAL SERVICES, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Halsted Financial Services, LLC (Halsted), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Jonathan Britton (plaintiff), and states:

## INTRODUCTION

Halsted admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227, *et seq.*, and the Kentucky Consumer Protection Act, KRS § 367, *et seq.,* but denies any violations, liability, or wrongdoing to the extent alleged in ¶ 1.

## JURISDICTION AND VENUE

1.     Halsted denies the allegations in ¶ 1 for lack of sufficient information to justify a reasonable belief therein.

1

2. Halsted denies the allegations in ¶ 2 as calling for a legal conclusion.

3. Halsted admits the allegations in ¶ 3.

4. Halstead admits that part of its business is the collection of unpaid obligations owed to others and that it uses the mail in the normal course of its business activities. Except as specifically admitted, Halsted denies the allegations in ¶ 4.

5. Halsted admits that when it acts as a debt collector, its actions may be subject to regulation pursuant to the statute. Except as specifically admitted, Halsted denies the allegations in ¶ 5.

6. Halsted denies the allegations in ¶ 6 as calling for a legal conclusion. Halsted leaves all matters of jurisdiction to the Court.

7. Halsted denies the allegations in ¶ 7 as calling for a legal conclusion. Halsted leaves all matters of venue to the Court.

8. Halsted denies that plaintiff is entitled to the damages sought in ¶ 8.

## FACTS

9. Halsted admits the allegations in ¶ 9.

10. Halsted denies the allegations in ¶ 10.

11. Halsted denies the allegations in ¶ 11.

12. Halsted denies the allegations in ¶ 12.

13. Halsted admits that its records reflect that it emailed correspondence to plaintiff in a lawful attempt to collect a debt, but refers to the original correspondence

as the best evidence of their contents. Except as specifically admitted, Halsted denies the allegations in ¶ 13.

14. Halsted admits that its records reflect that it placed telephone calls to plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, Halsted denies the allegations in ¶ 14.

15. Halsted denies the allegations in ¶ 15 as written.

16. Halsted denies the allegations in ¶ 16 as written.

17. Halsted denies the allegations in ¶ 17.

## COUNT I
## VIOLATION OF THE FDCPA

18. Halsted denies the allegations in ¶ 18.

19. Halsted denies the allegations in ¶ 19.

20. Halsted denies the allegations in ¶ 20.

21. Halsted denies the allegations in ¶ 21.

22. Halsted denies the allegations in ¶ 22.

23. Halsted denies the allegations in ¶ 23.

24. Halsted denies the allegations in ¶ 24.

25. Halsted denies the allegations in ¶ 25.

26. Halsted denies the allegations in ¶ 26.

## COUNT II
## INTENTIONAL OR NEGLIGENT INFLICTION
## OF EMOTIONAL DISTRESS

27. Halsted denies the allegations in ¶ 27.

28. Halsted denies the allegations in ¶ 28.

29. Halsted denies the allegations in ¶ 29.

30. Halsted denies the allegations in ¶ 30.

31. Halsted denies the allegations in ¶ 31.

32. Halsted denies the allegations in ¶ 32.

## COUNT III
## VIOLATION OF KRS 367.170

33. Halsted denies the allegations in ¶ 33.

34. Halsted denies the allegations in ¶ 34.

35. Halsted denies the allegations in ¶ 35.

36. Halsted denies the allegations in ¶ 36.

37. Halsted denies the allegations in ¶ 37.

## COUNT IV
## VIOLATION OF 47 U.S.C. SECTION 227

38. Halsted denies the allegations in ¶ 38 as written.

39. Halsted denies the allegations in ¶ 39 as written.

40. Halsted denies the allegations in ¶ 40.

41. The referenced website speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

42. Halsted denies the allegations in ¶ 42.

43. Halsted admits the allegations in ¶ 43.

44. Halsted denies the allegations in ¶ 44.

## COUNT V
## INVASION OF PRIVACY

45. Halsted denies the allegations in ¶ 45.

46. Halsted denies the allegations in ¶ 46.

47. Halsted denies the allegations in ¶ 47.

48. Halsted denies the allegations in ¶ 48.

## HALSTED'S AFFIRMATIVE DEFENSES

1. Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violations are established, any such violations were not intentional and resulted from a bona fide error not-withstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. Halsted denies any liability; however, regardless of liability, plaintiff has suffered no actual damages because of Halsted's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Halsted and were beyond the control or supervision of Halsted or for whom Halsted was and is not responsible or liable.

6. Plaintiff has failed to state a claim against Halsted upon which relief may be granted.

7. Plaintiff's claims are subject to Arbitration.

8. Plaintiff has not stated a claim upon which relief may be granted. The dialer used by Halsted does *not* meet the statutory definition of an "automatic telephone dialing system" because the dialer does *not* have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. *See* 47 U.S.C. 227(a)(1). Further, plaintiff has failed to allege and cannot assert facts necessary to establish standing to bring a private remedy claim under the TCPA. Plaintiff also was not charged for any of the calls made by Halsted or messages left by Halsted. *See* 47 U.S.C. 227(b)(1)(A)(iii).

9. Plaintiff consented and authorized calls to the phone number in question for the account that Halsted was working.

10. Plaintiff knew who was calling and why; therefore, any failure of Halsted to make a technical disclosure, if any, is immaterial and cannot be said to create a violation or any damages.

WHEREFORE, Defendant, Halsted Financial Services, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated:  May 6, 2024

    Respectfully Submitted,

/s/ *Danielle J. Lewis, Esq.*
Danielle J. Lewis, Esq.
Reminger Co., LPA
730 West Main Street, Suite 300
Louisville, KY 40202
Telephone: (502) 625-7308
Facsimile:  (504) 589-5436
Email:  DLewis@reminger.com

And

/s/ *Timothy B. George, Esq.*
Timothy B. George, Esq.
Reminger Co., LPA
730 West Main Street, Suite 300
Louisville, KY 40202
Telephone: (502) 625-7294
Facsimile:  (504) 589-5436
Email:  TGeorge@reminger.com
***Attorneys for Defendant, Halsted Financial Services, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2024 a copy of the foregoing was served electronically via CM/ECF on the following:

> Zachary L. Taylor, Esq.
> Winton & Hiestand
> 905 Baxter Avenue
> Louisville, KY  40204

>                           /s/ Danielle J. Lewis
>                            Attorney